IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bryan Pipkin,<br><br>             Plaintiff,<br><br>v.<br><br>Duke Energy Process, LLC,<br><br>             Defendant. | C/A No. 4:21-cv-00642-SAL-TER<br><br><br>**OPINION AND ORDER** |

This matter is before the court for review of the September 16, 2021 Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 37.] In the Report, the Magistrate Judge recommends that Defendant's partial motion to dismiss Plaintiff's wrongful discharge cause of action (the "Motion"), ECF No.12, be granted. *Id.* For the reasons outlined herein, the court adopts the Report in its entirety.

## BACKGROUND

This action was brought by Plaintiff, an at-will employee, against his former employer, Duke Energy Progress, LLC ("Defendant"). Plaintiff was terminated for comments he posted on Facebook in response to a news article about Richard Petty Motorsports and NASCAR driver Bubba Wallace's decision to paint "#Blacklivesmatter" on Wallace's racecar for a NASCAR race in June 2020. *See* Am. Compl. ¶ 21. Plaintiff posted a comment to the effect of "[i]f we had put White Lives Matter on a car, we would have been labeled racist and bigots, but racist MFers can do what they want and there is no accountability." See Am. Compl. ¶ 22. And in response to another commenter suggesting that "we are going to have to fight to get our country back" and

"the fight is coming soon," Plaintiff commented "b[u]y more ammo." Am. Compl. ¶ 23–24; ECF No. 12-3. Plaintiff's termination letter stated "[t]he offensive, violent, and potentially threatening nature of these posted comments is unacceptable and not conducive to [Plaintiff's] continued employment with Duke Energy." Am. Compl. ¶ 35. Plaintiff's wrongful discharge cause of action alleges that he was wrongfully discharged for sharing his political views on Facebook, in violation of public policy under S.C. Code Ann. § 16-17-560. *See* Am. Compl. ¶¶ 47–52.

On April 8, 2021, Defendant moved to dismiss Plaintiff's wrongful discharge claim. [ECF No. 12.] Plaintiff filed a response, and Defendant submitted its reply. [ECF Nos. 18, 20.] Thereafter, the Magistrate Judge issued his Report recommending that Defendant's partial motion for dismissal be granted. [ECF No. 37.] Plaintiff timely filed his objections to the Report, ECF No. 40, and the matter is now ripe for review by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the*

*Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Plaintiff objects to the Report's recommended dismissal of his wrongful discharge claim, arguing: (1) the Report incorrectly concluded that his Facebook comments did not constitute political speech protected by § 16-17-560 and (2) the Report improperly dismissed his claim at the Rule 12 stage due to its novelty. The court addresses Plaintiff's objections below.

**I. The Report properly found that Plaintiff's Facebook comments did not constitute political speech as set forth in § 16-17-560.**

Regarding the Report's analysis of whether Plaintiff's speech was "political speech" protected by § 16-17-560, Plaintiff raises four arguments styled as objections: (1) the Report failed to consider the plain language of the statute; (2) the Report improperly relied on *Vanderhoff*, a non-controlling case; (3) the Report failed to consider relevant portions of the court's analysis in

*Owens*; and (4) the Report improperly distinguished this case from *Collins*. The objections, however, are merely a reassertion of the arguments Plaintiff made in response to Defendant's Motion. *See* [ECF No. 18.] Mere reassertions of previous arguments do not constitute specific objections. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). Although Plaintiff's objections are subject to dismissal on this ground alone, the court will nevertheless briefly address them.

First, Plaintiff suggests that the Report ignored the plain language of § 16-17-560 and focused on the portions of the statute which concern political *action* instead of political *opinion*. [ECF No. 40 at 2.] This objection is easily disposed of. The Report expressly considered the language of § 16-17-560, a criminal statute providing that it "is unlawful to . . . discharge a citizen from employment or occupation . . . because of political opinions or the exercise of political rights and privileges guaranteed to every citizen by the Constitution and laws of the United States or by the Constitution of this State." The Report analyzed whether Plaintiff's Facebook comments amounted to "political opinions or the exercise of political rights and privileges" such that Defendant's discharge of Plaintiff because of those comments violated the statute. [ECF No. 37 at 5.] The Report ultimately found that Plaintiff's speech was neither political opinion *nor* the exercise of a political right under § 16-17-560 because the speech was not on a matter related to the executive, legislative, or administrative branches of Government. *See* [ECF No. 37 at 4 (citing *Vanderhoff. Collins v. Charleston Place, LLC*, No. 2:15-CV-4465, 2017 WL 3167330, at *5 (D.S.C. July 26, 2017).] The Report properly analyzed Plaintiff's claim under § 16-17-560, and Plaintiff's objection is thereby, overruled.

Plaintiff's next three objections challenge the Report's application of case authority. Plaintiff rehashes his previous argument that reliance on *Vanderhoff v. John Deere Consumer Prod., Inc.*,

No. C.A. 3:02-0685-22, 2003 WL 23691107, at *2 (D.S.C. Mar. 13, 2003), is improper in light of the South Carolina Court of Appeal's decision in *Owens v. Crabtree*, 425 S.C. 513, 521 (Ct. App. 2019) and the district court's decision in *Collins v. Charleston Place, LLC*, No. 2:15-cv-4465, 2017 WL 3167330, at *5 (D.S.C. July 26, 2017), *aff'd*, 720 F. App'x 701 (4th Cir. 2018). The Report properly considered and rejected this argument, distinguishing the applicability of the Court's dicta in *Owens* and *Collins* from the instant case. Further, this court agrees that neither *Owen* nor *Collins* compel a finding that the opinion expressed in Plaintiff's Facebook commentary, which his employer found contained offensive, violent, and potentially threatening language, is speech protected by § 16-17-560. This court finds no error in the Report's analysis of the cases.

Nor does the court find that the Report erred in relying on *Vanderhoff*. In *Vanderhoff*, the plaintiff displayed a confederate flag decal at work as an alleged political statement about the removal of the confederate flag from the South Carolina State House. 2003 WL 23691107, at *2. The court found that while such expression was generally protected under the United States and South Carolina Constitutions, it was not a "'political' opinion or the exercise of a political right or privilege within contemplation of section 16–17–560." *Id.* Protection for "political opinion and expression covered by section 16–17–560 extends only to matters directly related to the executive, legislative, and administrative branches of Government, such as political party affiliation, political campaign contributions, and the right to vote." *Id.* (citing *Culler v. Blue Ridge Elec. Coop., Inc.*, 422 S.E.2d 91, 92–93 (S.C.1992)); *see also Bauer v. Summey*, No. 2:21-CV-02952, 2021 WL 4900922, at *16 (D.S.C. Oct. 21, 2021) (relying on *Vanderhoff* in finding that the "plaintiffs' vaccine refusal likely is not the type of politically-based belief or opinion contemplated by § 16-17-560"). The *Vanderhoff* court explained:

> The numerous issues associated with the confederate flag are certainly concerns that sometimes play a role in public debate and, as a consequence, enter the political

> arena. An opinion or expression of a belief about the confederate flag, however, is not "political" within the meaning of section 16–17–560. To hold otherwise, the court would extend the application of section 16–17–560 to an infinite number of social issues that fall within the ambit of public debate and, as a consequence, at times become issues in the political arena. The court does not believe that section 16–17–560 contemplated such a[] broad exception to the employment-at-will doctrine, which has since *Shealy v. Fowler*, 188 S.E. 499 (1946), allowed employers "to discharge an employee without incurring liability for good reason, no reason, or bad reason." *Ludwick*, 337 S.E.2d at 214 (citing H.G. Wood, Master And Servant (1877)).

2003 WL 23691107, at *3.

Like in *Vanderhoff*, this court finds that Plaintiff's Facebook commentary in reaction to a NASCAR driver's decision to paint "#Blacklivesmatter" on his racecar does not constitute the type of political opinion or expression contemplated by § 16-17-560 merely because it falls within the ambit of public debate. This court, therefore, finds no error in the Report's determination that Plaintiff's speech did not amount to "'political opinions or the exercise of political rights and privileges' such that Defendant's discharge of Plaintiff because of those posts would violate § 16-17-560." [ECF No. 37 at 5.] Plaintiff's objections are overruled.

## II. Because the Plaintiff failed to present a novel issue, the Report properly dismissed Plaintiff's claim at the Rule 12 motion to dismiss stage.

Turning to Plaintiff's final objection to the Report, Plaintiff argues that dismissal is not proper at the motion to dismiss stage because he presented "a novel issue as to what speech is protected by the public policy set forth at S.C. Code Ann. § 16-17-560." [ECF No. 40 at 5.] The court finds no error in the Report's recommendation of dismissal at this stage. *See* [ECF No. 18 at 5–6.] While it is true that novel issues of law should not ordinarily be decided on a 12(b)(6) motion to dismiss, *see Middleton v. Andino*, 474 F. Supp. 3d 768, 773 (D.S.C. 2020), Plaintiff has not presented a novel issue of law here. The fact that Plaintiff argues for a broader interpretation of § 16-17-560 than set forth by the Report and other courts analyzing the statute does not render

Plaintiff's claim under § 16-17-560 novel. The court finds the existing case law on the issue sufficient to decide whether Plaintiff's speech was political opinion and expression protected by § 16-17-560, as reflected by the Report's extensive analysis. Therefore, Plaintiff's objection is overruled.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court adopts the Report, ECF No. 37, in its entirety and hereby incorporates the Report by reference. As a result, the Defendant's partial motion to dismiss, ECF No. 12, is **GRANTED**, and Plaintiff's second cause of action for wrongful discharge is dismissed.

**IT IS SO ORDERED.**

January 13, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge